**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION**

MORRIS DEWAYNE GREEN, :
      Petitioner, :
v. : CASE NO.: 1:07-cr-48 (WLS)
UNITED STATES OF AMERICA, :
      Respondent. :

## **ORDER**

On February 8, 2013, Petitioner filed the instant Motion for Relief from Judgment pursuant to Federal Rule of Civil Procedure 60(b)(4) and (6). (Doc. 118). Therein, Petitioner contends that the District Court erred when it denied his request to file an out-of-time appeal on ineffective assistance of counsel grounds. (*Id.*) For the following reasons, Petitioner's Motion for Relief from Judgment (Doc. 118) is **DENIED**.

## **RELEVANT PROCEDURAL BACKGROUND**

Plaintiff was indicted on March 7, 2002, and charged with carjacking with intent to cause death or serious bodily harm by use of force and violence in violation of 18 U.S.C. § 2119(2) and 18 U.S.C. § 2 (Count I) and possession of a firearm during the commission of a crime of violence in violation of 18 U.S.C. § 924(c)(1)(A)(iii) (Count II). (Doc. 1.) On June 7, 2002, the Petitioner entered into a Plea Agreement with the Government and pled guilty to Count II of the Indictment. (Docs. 15, 16.) Petitioner was sentenced to twenty-five (25) years imprisonment on July 24, 2002. (Docs. 20, 30.) Plaintiff did not file a direct appeal or initiate any other collateral proceedings.

On March 13, 2006, Petitioner filed a Motion to Vacate, Set Aside, or Correct his Sentence pursuant to 28 U.S.C. § 2255. (Doc. 23.) Therein Petitioner alleged that he was denied ineffective assistance of counsel thereby entitling him to file an out-of-time appeal. United States Magistrate Judge G. Mallon Faircloth held an evidentiary hearing on June 7, 2006, to expand the record to include communications between Petitioner and his counsel regarding his request to file an appeal. (Doc. 37 at 5-6.) Following this hearing, Judge Faircloth issued a Report and Recommendation on August 15, 2006, that concluded that the record did not establish that Petitioner was entitled to file an out-of-time appeal. (*Id.* at 13-14.) Accordingly, it was recommended that Petitioner's Motion to Vacate, Set Aside, or Correct his Sentence Pursuant to 28 U.S.C. § 2255 be denied. (*Id.* at 14.) This Report and Recommendation was adopted by United States District Court Judge Clay Land on October 2, 2006, and Judgment was entered on October 2, 2006. (Doc. 39.)

On December 18, 2006, Petitioner filed a Motion for Extension of Time to File Notice of Appeal of the Court's Order denying his § 2255 motion. (Doc. 41.) Petitioner acknowledged that the time for filing a timely notice of appeal expired on December 1, 2006, but contended that his attorney did not file a notice of appeal as requested, and that he (Petitioner) had limited access to the information needed to pursue his appeal. (*Id.*) Judge Land denied Petitioner's motion for an extension on January 5, 2007. (Doc. 44.) Petitioner appealed the Court's Order denying his Motion for Extension of Time to File Notice of Appeal to the Eleventh Circuit. (Doc. 45.) The Eleventh Circuit affirmed on September 20, 2007. (Doc. 60.) The United States Supreme Court denied certiorari on May 12, 2008. (Doc. 62.)

In the instant motion, filed seven years after Petitioner failed to timely pursue an appeal of Judge Land's Order denying his § 2255 motion and five years after the Supreme Court declined to review the decision to deny Petitioner the right to appeal the denial of his § 2255 motion, Petitioner contends that "[t]he District Court acted in a manner inconsistent with due process of law when the Court failed to make a determination as to whether Petitioner's trial counsel had a duty to consult with Petitioner regarding his choice of whether to appeal the decision on the trial court." (Doc. 118.) Thus, Petitioner alleges that the ruling on his § 2255 motion is "null and void." (*Id.* at 2.)

## **DISCUSSION**

Rule 60(b)(4) permits a court to "relieve a party . . . from a final judgment, order, or proceeding . . . [if] the judgment is void." "Generally, a judgment is void under Rule 60(b)(4) if the court that rendered it lacked jurisdiction of the subject matter, or of the parties, or if it acted in a manner inconsistent with due process of law." *Burke v. Smith*, 252 F.3d 1260, 1263 (11th Cir. 2001) (citation and internal quotation marks omitted). A judgment also can be declared void under Rule 60(b)(4) "if the rendering court was powerless to enter it." *Id.* at 1263 (citation omitted). "However, a judgment is not void because of an error of law." *Dixon v. Kilgore*, 343 F. App'x 530, 532 (11th Cir.2009) (citing *Gulf Coast Bldg. & Supply Co. v. Int'l Bhd. of Elec. Workers*, 460 F.2d 105, 108 (5th Cir.1972)). Furthermore, importantly, "a Rule 60(b) motion cannot substitute for an appeal." *Scutieri v. Paige*, 808 F.2d 785, 795 (11th Cir.1987); *Harris v. Corrections Corp.*, 332 F. App'x 593, 594 (11th Cir. 2009) ("A party may not use Rule 60 as a substitute for a timely and proper appeal . . . .") (citation omitted).

Rule 60(b) also contains a catchall provision that allows a court to grant a Rule 60 motion for "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(6). However, "[a] Rule 60(b)(6) motion is intended only for extreme circumstances." *Bowers v. Scouten*, 230 F. App'x 954, 955 (11th Cir. 2007) (citation and internal quotation marks omitted).

A review of Petitioner's Rule 60(b) motion reflects that it is merely an attempt to appeal the Court's denial of his § 2255 motion. However, as noted above, Petitioner's Rule 60(b) motion cannot supplant Petitioner's failed attempt to appeal the denial of his § 2255 motion. Moreover, even if Judge Faircloth erroneously determined that Petitioner had not requested an appeal, as alleged, "[a] judgment is not void because it is erroneous." *Grier v. Florida*, 279 F. App'x 934, 934 (11th Cir. 2008) (citation omitted). Therefore, Petitioner has made no showing that the order denying his § 2255 motion was void or that it presents "extraordinary circumstances" such that relief is required under Rule 60(b). Accordingly, Petitioner's Motion (Doc. 118) is **DENIED**.

**SO ORDERED**, this  7th  day of May, 2013.

/s/ W. Louis Sands
**THE HONORABLE W. LOUIS SANDS,
UNITED STATES DISTRICT COURT**