# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# ALBANY DIVISION

MORRIS DEWAYNE GREEN, :
:
    Petitioner, :
:
v. : CASE NO.: 1:07-cr-48 (WLS)
:
UNITED STATES OF AMERICA, :
:
    Respondent. :
:

## **ORDER**

By order dated May 7, 2013, the Court denied Petitioner's Federal Rule of Civil Procedure 60(b) Motion for Relief from Judgment (Doc. 118) in connection with the denial of his Motion to Vacate, Set Aside, or Correct his Sentence pursuant to 28 U.S.C. § 2255 (Doc. 23). (Doc. 120.) Following its denial of Petitioner's Rule 60(b) Motion, the Court did not address whether a Certificate of Appealability ("COA") should issue, incorrectly believing that Petitioner did not need a COA to appeal the denial of his Rule 60(b) motion. (*See generally id.*) Petitioner appealed the Court's Order, and by order dated January 7, 2014, the Eleventh Circuit remanded the case to this Court to rule on whether a COA is appropriate for any of the issues that Green seeks to raise on appeal. (Doc. 128 at 2) (noting that "a COA is required for the appeal of any denial of a Fed. R. Civ. P. 60(b) motion in a § 2255 proceeding") (citing *Jackson v. Crosby*, 437 F.3d 1290, 1295-96 (11th Cir. 2006))). Accordingly, the Court will address whether Petitioner is entitled to a COA.

The district court may issue a COA "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To merit a COA,

1

the petitioner must show that reasonable jurists would find debatable both (1) the merits of the underlying claim and (2) the procedural issues he seeks to raise. *Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000) (explaining how to satisfy this showing) (citation omitted). The Court denied Petitioner's Rule 60(b) Motion as an improper attempt to remedy his failure to timely appeal the denial of his § 2255 motion. (Doc. 120 at 4.) Petitioner's Notice of Appeal, which outlines seven issues for appeal, does not address the Court's procedural reason for denying his Rule 60(b) motion. (Doc. 121.) Nevertheless, "in cases involving denials of Rule 60(b) motions on procedural grounds without reaching the merits of any constitutional claims, such as this one, a petitioner will be granted a certificate of appealability 'only if [he] makes *both* a substantial showing that he had a valid claim of the denial of a constitutional right, and a substantial showing that the procedural ruling is wrong.'" *Jackson*, 437 F.3d at 1295 (additional citations omitted). Petitioner has merely stated that the Court "improperly denied petitioner's 60(b) motion" without making a "substantial showing" that it would be "debatable among reasonable jurists" that the Court's procedural decision was wrong. *See id.* Therefore, because Petitioner has not made a substantial showing of the denial of a constitutional right, the Court **DENIES** Petitioner a certificate of appealability. *See* 28 U.S.C. § 2253(c)(2).

**SO ORDERED**, this   10th   day of January 2014.

/s/ W. Louis Sands  
**W. LOUIS SANDS, JUDGE**  
**UNITED STATES DISTRICT COURT**